**Cecil R. REED, Plaintiff-Appellant,**

**v.**

**Stewart L. UDALL, Secretary of the Department of the Interior of the United States, and individually; J. R. Penny, Nevada State Director, Bureau of Land Management, United States Department of the Interior, and individually; and Val B. Richman, District Manager, Carson City Office, Bureau of Land Management, United States Department of the Interior, and individually, Defendants-Appellees.**

**No. 22754.**

United States Court of Appeals
Ninth Circuit.

Sept. 17, 1969.

378

George W. Abbott (argued), Minden, Nev., for appellant.

Frank B. Friedman (argued), Clyde O. Martz, Asst. Atty. Gen., Glen E. Taylor, A. Donald Mileur, Attys., Dept. of Justice, Washington, D. C., Joseph L. Ward, U. S. Atty., Julien G. Sourwine, Asst. U. S. Atty., Reno, Nev., for appellees.

Before MERRILL and CARTER, Circuit Judges, and KILKENNY, District Judge*.

PER CURIAM:

The Secretary of the Interior cancelled appellant's homestead entry upon the ground that it did not meet the cultivation requirements of 43 U.S.C. §§ 164, 279. Appellant sought review in the District Court and that court, by sum-mary judgment, upheld the Secretary. This appeal followed. The sole question presented is whether there is substantial evidence in the administrative record to support the position of the Secretary. Palmer v. Dredge Corp., 398 F.2d 791 (9th Cir. 1968).

Appellant contends that his submission of the statutorily required proof of compliance (affidavits from himself and two neighbors) constitutes all that is necessary for the issuance of his patent. If this view were to prevail the United States would be at the mercy of fraudulent homesteaders. The Department of Interior was not required to accept the affidavits as conclusive proof that appellant had cultivated the requisite acreage. Boesche v. Udall, 373 U.S. 472, 476–477, 83 S.Ct. 1373, 10 L.Ed.2d 491 (1963); Best v. Humboldt Placer Mining Co., 371 U.S. 334, 336–338, 83 S.Ct. 379, 9 L.Ed.2d 350 (1963). Accordingly, the truth of the affidavits was challenged in a contest proceeding initiated pursuant to the Department's regulations. 43 C.F.R. 1852.2. A hearing was held and the hearing examiner ruled for appellant. The Director of the Bureau of Land Management reversed, finding that the entry was not made or maintained in good faith and that insufficient acreage was cultivated. The Secretary affirmed.

At the hearing before the hearing examiner testimony of a land examiner disputed appellant's proof. He stated that the lands were desert in character; that he had observed no evidence of tillage or of crop planting or of irrigation which would be essential to produce a crop on such lands. We agreed with the District Court that the administrative record supports the decision of the Secretary.

Judgment affirmed.

* Honorable John F. Kilkenny, United States District Judge for the District of Oregon, sitting by designation.